# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

VANDERSON BOU RESLAN ESTEVINHO,

     Petitioner,

v.                                                                    Civ. No. 25-1206 MIS/GBW

PAMELA BONDI, *et al.*

     Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court upon a review of the record and the Honorable Margaret Strickland's Order of Reference, *doc. 3*, referring this case to the undersigned for analysis, findings of fact, evidentiary hearings if warranted, and recommendations for its ultimate disposition.  Having reviewed the record, the undersigned RECOMMENDS that the Court DISMISS Petitioner's Petition for Writ of Habeas Corpus (*doc. 1*) without prejudice.

## I.     BACKGROUND

Petitioner, through counsel, filed his Petition for Writ of Habeas Corpus on December 4, 2025.  *Doc. 1.*  That same day, the Honorable Margaret Strickland issued an Order to Show Cause which required Petitioner to "serve copies of this Order and the Petition on Respondents and file a certificate of service on the record."  *Doc. 2 at 1.*  On February 4, 2026, the undersigned issued a second Order to Show Cause requiring

Petitioner to properly serve all Respondents or show why his claims should not be dismissed by March 6, 2026.  *Doc. 5* at 2.  To date, Petitioner has not responded to either Order to Show Cause, nor has he properly served the Respondents.

## II.     LEGAL STANDARDS

Fed. R. Civ. P 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court…must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Moreover, under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action *sua sponte* if "the plaintiff fails to prosecute or to comply with…a court order." Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (holding that despite Rule 41(b)'s reference to a defendant's motion, "the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders").

## III.     ANALYSIS

Petitioner has failed to serve Respondents within the 90-day deadline set by Fed. R. Civ. P. 4(m).  Not only has Petitioner failed to show good cause for the failure, that failure has also been in defiance of two separate orders directing Petitioner to serve Respondents.  Further, Petitioner was warned in the undersigned's Order to Show

2

Cause, that sanctions—including dismissal—could be imposed for failure to serve. *See doc. 5* at 2. Despite this warning, Petitioner failed to serve the necessary respondents. In fact, Petitioner has failed to respond in any way let alone show cause as to why more time was needed or why dismissal was not appropriate.

## IV.    CONCLUSION

Based on the foregoing reasoning, the undersigned RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Petitioner's Petition for Writ of Habeas Corpus for failure to comply with Fed. R. Civ. P. 4(m). However, if proof of proper service is filed on the docket within 10 days of entry of this Proposed Findings and Recommended Disposition, the undersigned will withdraw this recommendation.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

3